**SMITH HIMMELMANN**
Attorneys at Law • A Law Corporation
**ELBRIDGE W. SMITH** [HI #2079]
**ELBRIDGE Z. SMITH** [HI #10120]
745 Fort Street, Suite 311
Honolulu, Hawaii 96813
Telephone No.: (808) 523-5050
Fax No.: (808) 538-1382
Email: shlaw@hawaii.rr.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN D. RICHARDS | ) CIVIL NO. 19-00624 ACK-RT |
| | ) |
| Plaintiff, | ) SECOND AMENDED EMPLOYMENT |
| | ) DISCRIMINATION COMPLAINT; |
| vs. | ) DEMAND FOR JURY TRIAL; |
| | ) CERTIFICATE OF SERVICE |
| JOHN E. WHITLEY, Secretary | ) |
| of the Army (Acting), Department | ) Trial Date: September 14, 2021 |
| of the Army, | ) Time: 9:00 a.m. |
| | ) Judge Alan C. Kay |
| Defendant. | ) |

H:\CLIENTS\Richards\USDC\Drafts\Second Amended Employment Discrimination Complaint 03-04-21.wpd

## SECOND AMENDED EMPLOYMENT
## DISCRIMINATION COMPLAINT

### I. JURISDICTION AND VENUE

1.  This action seeks declaratory, injunctive, and monetary relief against the named Defendant in his official capacity as Secretary of the United States Department of the Army [herein "Agency"] for unlawful discrimination against Plaintiff Steven

D. Richards, based upon his race, color, and in retaliation for his prior protected equal employment opportunity ("EEO") activities, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 1346i, 1361, and 42 U.S.C. §§ 2000e-5 and 2000e-16.

3. Venue is proper in this Hawaii District Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f) in that the actions complained of herein took place and all of these claims arose in the State of Hawaii.

## II. PARTIES

4. Steven D. Richards ("Plaintiff"), was at all times relevant herein a resident of Honolulu, State of Hawaii, and was employed as an Equipment Specialist, GS-1670-12, with his duty station located in Hawaii.

5. Defendant Ryan D. McCarthy is sued in his official capacity as the Secretary of the Army [hereinafter "Defendant"]. As Secretary of the Army, Defendant is responsible for employment practices and procedures within the Agency, which is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and which Agency employs over 500 employees.

## III. STATEMENT OF FACTS

6. Steven D. Richards ("Plaintiff") was employed by the Agency's Communications

- Electronics Command ("CECOM"), Integrated Logistics Support Center (ILSC), Field Support Directorate, Logistics Assistance Division, Aberdeen Proving Ground, Maryland, (Hawaii Field Office located at Schofield Barracks), in the position of Equipment Specialist, GS-1670-12 until his removal on April 5, 2017.

7. Plaintiff was hired into the GS-1670-11/12 position on April 27, 2009 for which increased pay is set using the superior qualifications and special needs pay-setting authority under 5 CFR 531.212, placing him as GS-11, Step 9 for his initial first year of career conditional appointment.

8. Prior to his removal, Plaintiff had no formal discipline, and only one documented letter of counseling (which was issued in lieu of discipline for the very same DTS voucher irregularities & mistakes which formed the essence of the Agency's removal case).

9. Plaintiff had always scored highly on his annual performance evaluations, being either Exceptional (1st year and 4th year) and for what is commonly known as "Outstanding" for each of the other six (6) rating years including the most recent (last) four (4) years which the Agency describes as a top-level Exceptional.[1]

10. In those years he was described by rating and reviewing officials as Outstanding;

---

[1] This agency uses a familiar 5-tier rating system, similar to the systems used by many, if not most agencies, in the past: UnSat (now called "Fails 1 or more Obj"); Needs Improvement; Satisfactory (now called "Success All"); Excellent (now called "Excellent 25-74% Obj"); and Outstanding (now called "Excellent 75% or More Obj").

Consummate Professional; Impeccable Dedication, True Team Player, Embrac[ing] Duty First, Ethical, Moral and Professional in all aspects of job performance, and recommended for salary and performance awards.

11. Plaintiff's position, also known as a Logistic Assistance Representative ["LAR"] was essential in providing technical guidance necessary to resolve weapon systems, equipment, and systemic logistics problems while coordinating national-level sustainment support for often non-standard equipment and government contractors to our military war-fighters and Program Managers at foreign bases and theaters around the world.

12. This is essentially the same type of work he trained for and performed during his 6 years as an avionics section team leader and quality control person as a non-commissioned officer in the US Army, where he rose to the rank E-5, Sergeant, and was honorably discharged.

13. He enhanced his military skills, experience, and capabilities working in avionics and electrical phase inspections and maintenance of UH-60A/L and CH-47D helicopters, among other highly skilled functions for Defense Support Services LLC, then with L-3 Communications-Vertex Aerospace/Computer Science Corporation, before moving up to Senior Site Supervisor/Field Service Engineer/Field Service Representative with Computer Science Corporation, with

significant deployment theater experience.

14. His third deployment with the Army's CECOM in 2015-2016 took him to Kuwait for almost 6 months and then into Iraq as a LAR.

15. During his 2015-2016 deployment, he was subjected to repeated harassment and inappropriate comments by his then immediate supervisor, Leroy "Teddy" Houston, which caused him significant emotional distress.

16. He reported his situation to his Continental United States (CONUS) supervisor Richard Weaver via email, and was told words to effect to "work it out amongst yourselves."

17. Plaintiff had previously (2010) filed an EEO complaint against his same CONUS command.

18. During Plaintiff's tour at Camp Taji, Iraq, his supervisor Major (MAJ) Javier Plas deemed him to have emotional/mental issues which affected mission success, and acknowledged that Camp Taji did not have adequate medical facilities, so Plaintiff should return to Kuwait.

19. On March 22, 2016, Plaintiff made initial EEO contact to complain about being discriminated against - alleging that he was subjected to a hostile work environment and harassment by his supervisor, Mr. Leroy "Teddy" Houston.

20. On April 4, 2017, Plaintiff was notified by his supervisor MAJ Eric Maia to report to the Battalion Conference room the next day, April 5, 2017.

21. Plaintiff was subsequently terminated on April 5, 2017, where after he timely filed an appeal to the Merit Systems Protection Board and asserted affirmative defenses including, *inter alia*, retaliation for protected EEO activity.

22. When Plaintiff reported to the meeting, he was ordered to leave his cell phone outside of the conference room, and was presented a Removal document to read.

23. MAJ Maia instructed Plaintiff to sign the document, and Plaintiff requested to be allowed to speak to his attorney prior to signing.

24. MAJ Maia refused to allow Plaintiff to speak to his attorney, and ordered Plaintiff not to leave the room to retrieve his cell phone.

25. MAJ Maia told Plaintiff that he was being detained because the meeting was not over.

26. MAJ Maia physically blocked the doorway - the only point of exit from the room.

27. Plaintiff expressed that he felt threatened and in danger.

28. MAJ Maia continued to refuse Plaintiff's requests to leave to room or to call his legal representative.

29. MAJ Maia proceeded to order Plaintiff to surrender his credentials and denied Plaintiff the proper security officer for such purposes, and refused to allow Plaintiff to leave - an effective arrest (detainment by a government officer).

30. On May 15, 2017, Plaintiff made timely EEO contact regarding the April 5, 2017 incident, where he alleged harassment and discrimination based on his race (African American), color (black), and reprisal for engaging in protected EEO activity (filing prior EEO complaints).

31. On August 15, 2017, the Agency issued a Notice of Right to File a Formal Complaint of Discrimination, which Plaintiff timely filed on August 31, 2017.

32. On September 15, 2017, Equal employment Opportunity ("EEO") Officer William J. Paolicelli accepted Plaintiff's claim for investigation on the bases of Race and Color only, and dismissed the claim (*sic*) of Reprisal.[2]

33. On March 27, 2018, Plaintiff timely requested an EEOC Hearing.

34. On February 27, 2019, Plaintiff submitted his Motion to Amend - Add [Reprisal] Basis to Claim.

35. On March 4, 2019, EEOC Administrative Judge Stephanie Herrera granted Plaintiff's Motion to Amend, thereby adding the basis of Reprisal for Protected Activity to his EEO claim.

---

[2] Reprisal is a basis for a claim of discrimination, not a standalone "claim."

36. On November 30, 2019, the EEOC Administrative Judge dismissed Plaintiff's EEO complaint without prejudice to re-file within thirty (30) days of a final resolution of his civil case in the United States District Court in the District of Hawaii.

## IV. PROCEDURAL HISTORY

37. Plaintiff has exhausted all his administrative appeal remedies.

38. Per the Code of Federal Regulations, a Complainant may remove his timely filed EEO complaint to the proper United States District Court if his EEO complaint has not been resolved within 180 days of his request an EEOC hearing (29 C.F.R. 1614.407).

39. Plaintiff filed the instant Civil Action on November 15, 2019 - nearly 600 days after timely requesting an EEO hearing.

40. On February 2, 2021, this Court issued its Order Granting the Army's Motion to Dismiss (ECF. No. 29) and Affirming the Agency's Decision Upheld By The Merit Systems Protection Board.

41. In Its Order, the Court dismissed *without prejudice* Plaintiff's Title VII claims, granting Plaintiff leave to amend within 30 days - which Plaintiff now timely does.

## V. FIRST CAUSE OF ACTION
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

42. Plaintiff incorporates the foregoing paragraphs by reference.

43. Defendant's conduct alleged in the paragraphs above constitutes unlawful employment discrimination against Plaintiff by terminating him from his position based on his race (African American), color (black), and in reprisal for engaging in prior protected EEO activity, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

## VI. CLAIM FOR RELIEF

44. Plaintiff prays this Honorable Court to declare and adjudge that Defendant's conduct alleged herein constitutes unlawful discrimination based on Plaintiff's race, color, and participation in protected EEO activity, and subjected Plaintiff to a hostile working environment in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

WHEREFORE, Plaintiff Richards respectfully requests that this Court grant him the following relief:

1. Order that the Defendant pay Plaintiff compensatory damages in amounts to be proved at trial;

2. Order that the Defendant pay Plaintiff's attorneys fees and costs of this litigation and of the preceding administrative actions; and

3. Grant Plaintiff such other and further relief as this Court deems just and appropriate.

## VII. DEMAND FOR JURY TRIAL

Plaintiff Richards demands a trial by jury.

DATED: Honolulu, Hawaii this 4th day of March, 2021.

        /s/ Elbridge Z. Smith
Elbridge Z. Smith
Elbridge W. Smith
Attorneys for Complainant