IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

|  |  |
|---|---|
| STEVEN D. RICHARDS, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civ. No. 19-00624 ACK-RT |
|  | ) |
| JOHN E. WHITLEY, Acting Secretary of the Army, Department of the Army, | ) |
|  | ) |
|  | ) |
|  | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 64)**

Plaintiff Steven D. Richards is a former civilian GS-12 equipment specialist with the United States Department of the Army, who was stationed at Schofield Barracks and removed from federal employment in 2017, based on various charges of misconduct. Plaintiff brought this lawsuit seeking review of the Agency decision affirming his removal and asserting claims against Acting Secretary John E. Whitley in his official capacity as the Secretary of the Army (the "Army") for retaliation and race and color discrimination.

The Court previously affirmed the Agency decision and dismissed the First Amended Complaint with leave to amend. ECF No. 59 ("Prior Dismissal Order"). Plaintiff did so and now before the Court is the Army's Motion to Dismiss the Second Amended Complaint, ECF No. 64.

1

For the reasons discussed below and largely for the same reasons given in the Prior Dismissal Order, the Army's Motion is GRANTED and the Second Amended Complaint is DISMISSED WITH PREJUDICE.

**BACKGROUND**

**I. Procedural History**

Plaintiff filed this lawsuit on November 15, 2019. ECF No. 1.  This case is a mixed case appeal in which Plaintiff- a civil service employee-appealed the decision of the Merit Systems Protection Board (the "MSPB") affirming his removal from the Army and asserted discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 41 U.S.C. § 2000e, et seq.  This Court previously dismissed Plaintiff's discrimination and retaliation claims without prejudice and affirmed the MSPB decision regarding Plaintiff's removal.  Prior Dismissal Order at 74-75.  The Court advised Plaintiff that any amended pleading would be limited to repleading his asserted Title VII claims and curing the jurisdictional and substantive deficiencies identified in the Order.  Id. at 75.

Thereafter, Plaintiff filed his Second Amended Complaint, ECF No. 63, where he reasserts his first cause of action-employment discrimination based on race, color, and in

reprisal for engaging in prior EEO activity.  In view of the Court's Prior Dismissal Order affirming the MSPB decision, Plaintiff no longer requests review of the MSPB decision.  In his claim for relief, Plaintiff asserts race and color discrimination, retaliation, and a hostile working environment.

The Army then filed its Motion seeking dismissal of the Second Amended Complaint.  ECF No. 64.  Plaintiff filed his Opposition, ECF No. 71, and the Army filed its Reply, ECF No. 73.  A hearing on the Motion was held on July 14, 2021.

## II.  Factual Background

A detailed discussion of the background of this case may be found in the Court's seventy-five-page Prior Dismissal Order.  While that Order involved an agency appeal in addition to the Title VII discrimination and retaliation claims, the Motion now before the Court is limited to the latter.  The Army's Motion seeks dismissal of the Title VII claims on many of the same grounds previously raised before the Court, including lack of subject matter jurisdiction for failure to exhaust the discrimination claims and failure to state a plausible retaliation claim.

### a. Overview of Factual Allegations

The Second Amended Complaint contains largely the same factual allegations previously alleged in the First Amended Complaint, with some additions to expand on Plaintiff's

retaliation claim.  The Court will address those additions here, and it otherwise incorporates the factual background set forth in the Prior Dismissal Order to the extent that the facts are likewise alleged in the Second Amended Complaint.

Plaintiff was removed from federal employment in 2017 after the Army determined that he engaged in multiple instances of misconduct.  The allegations of discrimination and retaliation appear to stem from an incident that took place on the same day he was removed from civil service.

Plaintiff alleges that on April 5, 2017, the date of his removal, he was illegally detained by Major Eric Maia, which amounted to an effective arrest.  2AC ¶¶ 20-29.  In a formal equal employment opportunity ("EEO") complaint filed on August 14, 2017, ECF No. 52-1, Plaintiff alleged that he was called to report to a conference room, where he was then ordered to surrender his cell phone outside the room, after which Major Maia "blocked the doorway" to prevent Plaintiff from leaving the room, did not allow Plaintiff to leave the conference room, and did not allow Plaintiff to consult an attorney.  2AC ¶¶ 22-29.  Plaintiff's Second Amended Complaint does not meaningfully expand on this incident from how it was originally pleaded.

The Second Amended Complaint does, however, add allegations that Plaintiff suffered "repeated harassment" by his immediate supervisor, Leroy "Teddy" Houston, during his 2015-

4

2016 deployment. 2AC ¶ 15. Plaintiff alleges that he reported this harassment to his Continental United States ("CONUS") supervisor, Richard Weaver, who took no further action. Id. ¶ 16. On March 22, 2016, Plaintiff made initial EEO contact to complain about the discrimination and harassment at the hands of Mr. Houston. Id. ¶ 19. Plaintiff also adds that he had "previously (2010) filed an EEO complaint against his same CONUS command," presumably Richard Weaver. Id. ¶ 17.

Although the Court's Prior Dismissal Order outlined the jurisdictional problem with Plaintiff's failure to raise his discrimination claim before the MSPB, the Second Amended Complaint's allegations related to the MSPB appeal remain sparse. See 2AC ¶¶ 31-33.

### b. Administrative Remedies

The prior claims were dismissed in part for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust his claims before the MSPB. Despite that, the Second Amended Complaint asserts largely the same exhaustion facts as pleaded in the earlier complaint.

#### i. The MSPB Appeal

On May 4, 2017, Plaintiff timely filed a mixed case appeal with the MSPB challenging his removal. See 2AC ¶ 21; 1AC ¶ 18. In the appeal, he raised several affirmative defenses,

5

including due process or harmful procedural error and retaliation for protected EEO activity.

In a written decision issued on September 13, 2019, the Administrative Law Judge ("ALJ") for the MSPB upheld Plaintiff's removal and determined that the Army did not retaliate against Plaintiff for engaging in protected EEO activity. ALJ Decision at 1-2, 58-59, 75; see also 1AC ¶¶ 19-20. In its Prior Dismissal Order, this Court affirmed the MSPB appeal and Plaintiff's Second Amended Complaint does not seek review of the MSPB decision.

### ii. The EEO Complaint

Almost two weeks after filing his MSPB appeal, Plaintiff contacted an EEO counselor complaining that he was discriminated against when he was illegally detained by Major Maia on the date of his removal. See EEO Complaint. Plaintiff eventually filed a formal EEO Complaint describing the incident with Major Maia. See EEO Complaint at 1-2; 2AC ¶ 30. Although the EEO Complaint's narrative of the events in question did not describe the basis for alleging discriminatory intent, Plaintiff checked boxes in the form indicating that he believed he was discriminated against based on his race (African American) and color (Black). See EEO Complaint at 1-2. He later amended his EEO Complaint to also allege reprisal (i.e., retaliation). See Ex. B to Pl.'s Opp., ECF No. 52-2. The Equal Employment

6

Opportunity Commission ("EEOC") dismissed Plaintiff's EEO Complaint on November 30, 2019.  2AC ¶ 36.

**STANDARDS**

I. **Rule 12(b)(1):  Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A defendant may challenge a court's subject matter jurisdiction under Rule 12(b)(1).  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

A challenge to a court's subject matter jurisdiction may be either "facial" or "factual."  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Id. (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)).  The moving party may bring a factual challenge to the court's subject matter jurisdiction by submitting "affidavits or any other evidence properly before the court."  Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009)

(quoting St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989)).  The nonmoving party must then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject-matter jurisdiction."  Id. (quoting St. Clair, 880 F.2d at 201).  In these circumstances, the court may look beyond the complaint without having to convert the motion into one for summary judgment.  U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1200 n.2 (9th Cir. 2009), overruled on other grounds by U.S. ex rel. Hartpence v. Kinetic Concepts, Inc., 792 F.3d 1121, 1128 n.6 (9th Cir. 2015).  When deciding a factual challenge to the court's subject matter jurisdiction, the court "need not presume the truthfulness of the plaintiffs' allegations."  Id. (quoting White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)).

**II.  Rule 12(b)(6):  Motion to Dismiss for Failure to State a Claim**

Rule 12(b)(6) authorizes the court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory.

8

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In resolving a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Mere conclusory statements in a complaint or "formulaic recitation[s] of the elements of a cause of action" are not sufficient. Twombly, 550 U.S. at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Thus, the court discounts conclusory statements, which are not entitled to a presumption of truth, before determining whether a claim is plausible. Iqbal, 556 U.S. at 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Harris v. Cty. of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003)).

9

## **DISCUSSION**

As discussed above, the Court must decide whether Plaintiff has cured the jurisdictional and pleading deficiencies outlined in the Prior Dismissal Order. The Court finds first that the Second Amended Complaint's additional allegations fail to cure the jurisdictional defect-namely, that the race and color discrimination claims were not raised before the MSPB, his chosen administrative forum. Second, the Court finds that Plaintiff has failed to state a plausible retaliation claim.[1]

### **I. Whether the Court has Subject Matter Jurisdiction over the Race and Color Discrimination Claims**

The Army argues that the Court lacks jurisdiction over the race and color discrimination claims because Plaintiff failed to properly exhaust those claims before the MSPB. The Army does not challenge the Court's jurisdiction over Plaintiff's retaliation claim, which was raised before the MSPB. When Plaintiff chose to first challenge the Army's removal decision before the MSPB and to raise the affirmative defense of

---

[1] The Court notes as an initial matter that it rejects the Army's argument that the law of the case doctrine bars the re-litigation of Plaintiff's race and color discrimination claims because this Court previously held that Plaintiff had not adequately established jurisdiction over them. Army Mot. at 5-6. It is well settled that the law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case on a second motion to dismiss. Askins v. U.S. Dep't of Homeland Security, 899 F.3d 1035, 1042 (9th Cir. 2018) ("The district court is not [] bound by any law of the case . . . [t]he district court may decide the second motion to dismiss in the same way it decided the first, but permitting the filing of an amended complaint requires a new determination.") (emphasis added). The Court therefore declines to apply it here.

retaliation in that forum, he brought a mixed case appeal and was required to raise his entire mixed case before the MSPB. See 29 C.F.R. § 1614.302(b). In its Prior Dismissal Order, the Court found that Plaintiff failed to prove that his termination and his incident with Major Maia were not distinct events. Because Plaintiff failed to raise his race and color discrimination claims before the MSPB, the Court lacked subject matter jurisdiction over these claims. For the reasons discussed below and in the Prior Dismissal Order, the Court finds that it lacks subject matter jurisdiction over the race and color discrimination claims.

### a. Framework for Exhaustion in a Mixed Case

As explained in the Prior Dismissal Order, Title VII grants an aggrieved federal employee the right to file suit in federal district court. See 42 U.S.C. § 2000e-16(c). But before doing so, the employee must exhaust his administrative remedies against his federal employer. See Brown v. Gen. Servs. Admin., 425 U.S. 820, 832, 96 S. Ct. 1961, 48 L. Ed. 2d 402 (1976). In this circuit, exhaustion is considered a "jurisdictional prerequisite." Sommatino v. United States, 255 F.3d 704, 707 (9th Cir. 2001). Thus, if a federal employee fails to exhaust his administrative remedies, the district court cannot adjudicate the claim. See id.; see also Fitzgerald v.

Sec 32, U.S. Dep't of Veterans Affairs, 121 F.3d 203, 206 (5th Cir. 1997).

A federal employee has at least two options for exhausting his remedies for a Title VII claim in a mixed case: he may file a mixed case complaint with his agency's EEO office or, alternatively, he may file a mixed case appeal with the MSPB.  See Sloan v. West, 140 F.3d 1255, 1259 (9th Cir. 1998) (quoting 29 C.F.R. § 1614.302(a)); see also Perry v. Merit Sys. Prot. Bd., 137 S. Ct. 1975, 1979-81, 198 L. Ed. 2d 527 (2017).

If an aggrieved federal employee chooses the first option, he would file a mixed case complaint with his agency's EEO office, "much as an employee challenging a personnel practice not appealable to the MSPB could do."  Perry, 137 S. Ct. at 1980, 198 L. Ed. 2d 527 (quoting Kloeckner, 568 U.S. at 44-45, 133 S. Ct. 596, 184 L. Ed. 2d 433); see also 29 C.F.R. § 1614.302(b).  If the EEO office decides against him, "the employee may then either take the matter to the MSPB or bypass further administrative review by suing the agency in district court."  Perry, 137 S. Ct. at 1980, 198 L. Ed. 2d 527 (quoting Kloeckner, 568 U.S. at 45, 133 S. Ct. 596, 184 L. Ed. 2d 433); see also 5 U.S.C. § 7702(a)(2); 29 C.F.R. §§ 1614.302(d)(1)(ii), (d)(3), 1614.310(a).

If the employee chooses the second option, he would "initiate the process by bringing [his] case directly to the

12

MSPB, forgoing the agency's own system for evaluating discrimination charges." Perry, 137 S. Ct. at 1980-81, 198 L. Ed. 2d 527 (quoting Kloeckner, 568 U.S. at 45, 133 S. Ct. 596, 184 L. Ed. 2d 433). If the MSPB has jurisdiction over the mixed case and upholds the agency's personnel action, the employee can then request additional administrative process through the EEOC or else sue the agency in federal district court. See 5 U.S.C. § 7702(a)(3), (b).

Regardless of which option a federal employee elects to pursue, he is required to raise his entire mixed case in the chosen forum. See 29 C.F.R. § 1614.302(b) (providing that the employee must raise his entire mixed case before either the MSPB or the EEOC, "but not both"). If a Plaintiff has filed both an EEO complaint and an MSPB appeal related to the same adverse employment action, "whichever is filed first shall be considered an election to proceed in that forum." Id.

### b. Whether Plaintiff Exhausted his Race and Color Discrimination Claim

The Court finds that Plaintiff has not established the Court's jurisdiction over the race and color discrimination

claims because he failed to exhaust those claims before the MSPB.[2/]

Plaintiff filed appeals with both the MSPB and the EEOC, in that order. When Plaintiff chose to first challenge the Army's removal decision before the MSPB and to raise the affirmative defense of retaliation in that forum, he brought a mixed case appeal and was required to raise his entire mixed case before the MSPB. See 29 C.F.R. § 1614.302(b). In its Prior Dismissal Order, the Court explained that the only way Plaintiff could rely on his separate EEOC proceedings (initiated after the MSPB appeal) to establish jurisdiction over the race and color discrimination claims would be if those claims are separate and distinct from the mixed case appeal. The Prior Dismissal Order gave Plaintiff an additional chance to establish that distinction by pleading facts to show that the incident with Major Maia (the purported basis for the race and color discrimination claims) was a distinct event from Plaintiff's removal (the basis for the mixed case appeal).

Plaintiff's Second Amended Complaint and Opposition to the Army's second Motion fail to once again plead that distinction. The allegations are clear from the Second Amended

---

[2/] The Court notes that as before, the Court construes the Army's jurisdictional challenge as a factual-rather than a facial-attack. Instead of challenging jurisdiction as alleged on the face of the Second Amended Complaint, the Army's Motion again disputes the truth of Plaintiff's allegation that he exhausted all his administrative appeal remedies.

14

Complaint that the incident with Major Maia took place in connection with the Army's removal decision. Plaintiff was thus required to raise any discrimination claims arising from that before the MSPB. He did not do so, and the Court thus lacks subject matter jurisdiction over these claims.

Therefore, to the extent that it asserts race or color discrimination stemming from the incident with Major Maia described in the EEO Complaint, and because the Court finds that further amendment would be futile, Plaintiff's Title VII claim is DISMISSED WITH PREJUDICE.[3]

---

[3] As noted in this Court's Prior Dismissal Order, even if Plaintiff had established jurisdiction over the discrimination claim, the Court would have dismissed the claim for pleading deficiencies. The Second Amended Complaint still lacks any facts to support the elements of a hostile work environment claim. Plaintiff does not plead this claim as a separate cause of action, but instead makes a reference to it in the Second Amended Complaint's Claim for Relief. Plaintiff further fails to acknowledge-let alone discuss-a hostile work environment claim in his Opposition brief, and any relevant allegations in the Second Amended Complaint are conclusory.

To state such a claim, Plaintiff must allege that "(1) [he] was subjected to verbal or physical conduct because of [his] race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." Manatt v. Bank of Am., 339 F.3d 792, 798 (9th Cir. 2003). When considering the existence of a hostile work environment, the Court must view the totality of the circumstances. Ray v. Henderson, 217 F.3d 1234, 1245 (9th Cir. 2000). The working environment must be perceived as both subjectively and objectively abusive. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993).
(Continued . . .)

## II. Whether the Second Amended Complaint States a Claim for Retaliation

The Army's second argument is that the Second Amended Complaint fails to state a plausible claim for retaliation under Title VII.[4] The Court previously found that Plaintiff had not stated a viable claim and dismissed the First Amended Complaint without prejudice, emphasizing that Plaintiff must plead facts to support elements of his asserted causes of action and theories of liability. Despite the guidance provided by the Court's Prior Dismissal Order, Plaintiff again fails to

---

Viewing these circumstances in the light most favorable to Plaintiff, however, there is no indication of an abusive workplace. Plaintiff states that he "was subjected to repeated harassment and inappropriate comments by his then immediate supervisor, Leroy 'Teddy' Houston." 2AC ¶ 15. Plaintiff then made EEO contact "to complain about . . . a hostile work environment and harassment by his supervisor [] Houston." Id. ¶ 19. Plaintiff's Second Amended Complaint also recounts his interaction with Major Maia on the day he was removed from service, during which he alleges that Major Maia did not allow him to leave the room while Major Maia required Plaintiff to sign a removal document and to surrender his government identification and government credit card. Id. ¶¶ 20-29. Plaintiff does not further describe the alleged instances of harassment, nor does he allege that the Army's conduct was severe or how it was racially motivated. See Capristo v. Brennan, No. C-15-1071 EMC, 2015 WL 4396268, at *4 (N.D. Cal. July 17, 2015) (dismissing a hostile work environment claim resting on allegation of a "yelling incident" because "[t]here was nothing in the remark that shows it was racial in nature"). At the motion to dismiss stage, Plaintiff need not support his allegations with evidence, but his complaint must allege sufficient facts to state the elements of a hostile work environment claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); see also Williams v. Boeing Co., 517 F.3d 1120, 1130 (9th Cir. 2008) ("Even though heightened pleading is not required in discrimination cases, the complaint must still 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (citation omitted)). Based on the totality of the circumstances, Plaintiff's Second Amended Complaint does not plead facts sufficient to establish a hostile work environment claim.

[4] As noted above, there is no dispute that Plaintiff exhausted his retaliation claim before the MSPB and that the Court therefore has jurisdiction over this claim.

16

adequately plead facts to support the elements of a prima facie case for retaliation.

To prevail on his retaliation claim, Plaintiff must show that "(1) he engaged or was engaging in activity protected under Title VII, (2) the employer subjected him to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action." Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir. 1987); see also Vasquez v. Cty. of Los Angeles, 349 F.3d 634, 646 (9th Cir. 2003). The Prior Dismissal Order identified specific deficiencies in pleading these elements, particularly with respect to the third element.

The Second Amended Complaint fails to cure those deficiencies. Plaintiff again alleges in a conclusory fashion that the Army retaliated against him by terminating his employment for engaging in protected activity. The Second Amended Complaint relies on two allegations to support the retaliation claims. First, it asserts additional allegations surrounding Plaintiff's March 2016 EEO complaint for harassment by Mr. Weaver. Second, it asserts-without any additional detail-that he "had previously (2010) filed an EEO complaint against his same CONUS command." 2AC ¶ 17.

Plaintiff still does not identify the decisionmaker in his removal. Based on the Army's Reply, it appears that the

primary decisionmaker was Raymond Morace.  In any event, there are still no allegations in the Second Amended Complaint to indicate that the decisionmaker was motivated by-or even was aware of-Plaintiff's prior EEO activity.  See Washington v. Certainteed Gypsum, Inc., No. 2:10-cv-00204-FMN-LRL, 2010 WL 3613887, at *3 (D. Nev. Sept. 7, 2010) (dismissing retaliation complaint where there was "no explicit allegation" that managers knew of protected activity prior to negative performance review).

      Even if Plaintiff could identify the decisionmaker in his termination, the Second Amended Complaint nevertheless fails to articulate sufficient facts to meet the causation prong of the prima facie analysis.  To the extent that the Second Amended Complaint relies on temporal proximity, it fails to show that the adverse employment action (Plaintiff's removal) occurred in close proximity to his protected activity (the 2010 complaint and the March 2016 complaint).  Temporal proximity between an employer's knowledge of protected activity and an adverse employment action is sufficient to establish a prima facie case, but the temporal proximity must be "very close."  Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273, 121 S. Ct. 1508, 1511, 149 L. Ed. 2d 509 (2001); see, e.g., Richmond v. Oneok, Inc., 120 F.3d 205, 209 (10th Cir. 1997) (3-month period

insufficient); Hughes v. Derwinski, 967 F.2d 1168, 174-75 (7th Cir. 1992) (4-month period insufficient).

Here, the prior EEO activity alleged is an EEO complaint in 2010, 2AC ¶ 17, and initial EEO contact in March of 2016, 2AC ¶ 19. Given that Plaintiff was removed in April of 2017, even the latest alleged prior EEO activity occurred more than one year earlier. Such action, thirteen months later, by itself suggests no causality.

Because the Second Amended Complaint fails for a second time to adequately plead facts to support the elements of a prima facie case for retaliation and because the Court finds that further amendment would be futile, Plaintiff's Title VII retaliation claim is DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons discussed above, the Court GRANTS the Army's Motion to Dismiss, ECF No. 64. The Court previously cautioned Plaintiff that his failure to cure the defects identified in the Prior Dismissal Order would result in dismissal with prejudice. Because it is clear that Plaintiff's claims could not be saved by amendment, the Second Amended Complaint is DISMISSED WITH PREJUDICE. There being no remaining claims in this case, the Clerk's Office is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, July 20, 2021.



Alan C. Kay
Sr. United States District Judge

Richards v. Whitley, Civ. No. 19-00624 ACK-RT, Order Granting Defendant's Motion to Dismiss (ECF No. 64).